UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHY M. BALKEMA,

      Plaintiff,

v.                                        Case No. 1:10-cv-139
                                        Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
                                   /

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

        Plaintiff was born on November 14, 1955 (AR 94).[1] She completed two years of college (AR 122). She had previous employment as an assembler, customer service representative, data entry worker and quality inspector (AR 114-15). Plaintiff identified her disabling conditions as: osteoarthritis in knees; fibromyalgia; chronic fatigue; "one leg is shorter;" high blood pressure; attention deficit disorder; herniated disc in neck; arthritis; degenerative discs in back; and depression (AR 113). This is plaintiff's second claim for DIB. Plaintiff had filed a prior application for DIB on August 19, 2003, which was denied initially and after an administrative hearing on July 26, 2005 (AR 12, 27-37). In this, her second application for DIB, plaintiff alleged a disability commencing the next day, July 27, 2005 (AR 94). On June 20, 2008, Administrative Law Judge (ALJ) James F.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

Prothro II, the ALJ who denied plaintiff's previous DIB application in 2005, reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 12-22). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 27, 2005 and that she met the insured status requirements of the Social Security Act through September 30, 2008 (AR 12, 14). Based on this history, the ALJ concluded that to obtain DIB, plaintiff must establish a disability between July 27, 2005 and September 30, 2008 (AR 12).

At step two, the ALJ found that plaintiff suffered from severe impairments of: fibromyalgia; pain disorder; lumbar spine disc disorder; non-insulin dependent diabetes mellitus; diabetic neuropathy of both feet (October 2007); obesity (65 inches tall, 262 pounds in September 2005); degenerative disease of the right knee (January 2006); and an affective disorder (AR 14). The ALJ also found that plaintiff's digestive tract reflux disease was a non-severe impairment (AR 14). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 15).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> The claimant is able to lift and carry a maximum of twenty pounds occasionally and a maximum of ten pounds frequently. She is able to stand or walk for about six hours (cumulatively) during an eight-hour workday and to sit for about six out of eight hours. She is not able to climb and is limited to performing other postural functions (balancing, stooping, kneeling, crouching and crawling) occasionally. She must avoid work hazards such as unprotected heights and operating moving machinery. She is limited to the performance of unskilled work tasks.

(AR 17). The ALJ also found that plaintiff was unable to perform any of her past relevant work (AR 20).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of light jobs in the national economy (AR 21). Specifically, plaintiff could perform the following jobs: assembler (10,000 jobs); inspector (8,000 jobs); packer/sorter (7,500 jobs); and retail clerk (10,000 jobs) (AR 21). Accordingly, the ALJ determined that plaintiff was not disabled under the Social Security Act from the alleged onset date of July 27, 2005 through the date of the decision (June 20, 2008) (AR 21-22).

### III. ANALYSIS

Plaintiff raised four issues on appeal:

**A.  The Commissioner failed to examine the cumulative effects of Ms. Balkema's severe impairments.**

Plaintiff contends that the ALJ failed to consider her "cumulative impairments" when determining disability. The Social Security Act requires the agency "to consider the combined effects of impairments that individually may be non-severe, but which in combination may constitute a medically severe impairment or otherwise evince a claimant's disability." *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). *See* 20 C.F.R. § 404.1523.[2] The Sixth Circuit has found that an

---

[2] 20 C.F.R. § 404.1523 provides:

In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520).

ALJ's analysis of a claimant's combined impairments sufficient where the ALJ referred to a "combination of impairments" in deciding the claimant did not meet the listings, the ALJ referred to the claimant's "impairments" as not being severe enough to preclude performance of his past relevant work, the ALJ's decision was made after careful consideration of the "entire record," and, all of the claimant's impairments were discussed individually in the decision. *See Gooch v. Secretary of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). "To require a more elaborate articulation of the ALJ's thought process would not be reasonable." *Id.* The Sixth Circuit has also found that the ALJ properly considered the combined effects of the claimant's impairments where the ALJ's decision referred to the claimant's "severe impairments" and "combination of impairments." *See Loy v. Secretary of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990).

Here, the ALJ stated that the regulations require him to consider plaintiff's "impairment or combination of impairments" in determining whether she is disabled (AR 13). Throughout the decision, the ALJ referred to requirements of the regulations, plaintiff's "impairments," discussed the impairments individually and stated that he reached his decision after "careful consideration of all the evidence" and "careful consideration of the entire record" (AR 12-22). In addition, the ALJ specifically found that "the claimant had no impairment or combination of impairments that meets or medically equals one of the listed impairments" (AR 15). *See Loy*, 901 F.2d at 1310 ("ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of impairments in combination, where the ALJ specifically refers to 'combination of impairments' in finding that the plaintiff does not meet the listings"). Furthermore, it appears that the ALJ took into account the combined effects of plaintiff's impairments in the RFC

6

determination, which addressed both exertional and nonexertional impairments. For example, the RFC limited the amount of lifting to 20 pounds occasionally and 10 pounds frequently, limited plaintiff's standing and walking throughout the work day, recognized that she could not climb, was limited to performing postural functions (balancing, stooping, kneeling, crouching and crawling) occasionally, and required that she avoid work hazards (AR 17). Accordingly, the ALJ's decision indicates that he considered the combined effects of plaintiff's impairments. *See Loy*, 901 F.2d at 1310; *Gooch*, 833 F.2d at 592.

### B. The Commissioner failed to defer to Ms. Balkema's treating physician's testimony.

Plaintiff contends that the ALJ did not defer to the testimony of her treating physicians, Dr. Wilson, Dr. Lescay and Dr. Piper. While plaintiff faults the ALJ for providing only a "cursory analysis" of the physicians' opinions and findings, her brief contains no analysis with respect to the ALJ's evaluation of the opinions of these three physicians. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). A court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). Accordingly, the court deems this argument waived.[3]

---

[3] Defendant points out that Dr. Lescay's opinion, dated June 4, 2008, was not part of the administrative record reviewed by the ALJ. Rather, this opinion was submitted to the Appeals Council (AR 639-49). When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988). Because plaintiff neither requested a sentence six remand nor presented arguments in support of such action by the court, it is unnecessary to address Dr. Lescay's opinion.

    C. **The hypothetical posed to the vocational expert was inaccurate and did not properly address Ms. Balkema's cumulative impairments.**

  An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *Blacha v. Secretary of Health and Human Services.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Services.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

    1. **Failure to include diagnoses**

  Plaintiff contends that the hypothetical question posed to the vocational expert (VE) "did not accurately address" her fibromyalgia, degenerative disc disease, diabetes, diabetic neuropathy, degenerative joint disease in the right knee, and depression. Plaintiff apparently contends that the hypothetical question posed by the ALJ was defective because the ALJ failed to include a list of diagnoses as part of the hypothetical question. The court disagrees. The record reflects that the ALJ posed a series of hypothetical questions to the VE, which included various work limitations (AR 729-34). Because the purpose of a hypothetical question is to elicit testimony regarding a claimant's ability to perform other substantial gainful activity that exists in the national economy, the question does not need to include a listing of the claimant's medical diagnoses. "[A]

8

hypothetical question need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Webb*, 368 F.3d at 632. Accordingly, the ALJ's hypothetical questions were not defective for failing to list plaintiff's medical conditions.

### 2. Plaintiff's need to lie down

Plaintiff contends that the ALJ failed to include a limitation in the hypothetical question that her pain requires significant doses of medication and the need to lie down or recline daily to alleviate symptoms. Plaintiff does not refer to any physician's orders which require plaintiff to lie down or recline during the day. The ALJ was not required to incorporate this unsubstantiated complaint in the hypothetical question. *See Stanley*, 39 F.3d at 118.

### D. The ALJ improperly applied res judicata, when additional, material evidence had been submitted.

Plaintiff contends that the ALJ disregarded new and material evidence when he adopted portions of the 2005 RFC determination. As previously discussed, ALJ Prothro denied plaintiff's first DIB claim on July 26, 2005 (AR 12, 27-37). ALJ Prothro deferred to the 2005 decision under the doctrine of res judicata, when he determined that plaintiff must establish disability between the alleged onset date of the present DIB application (July 27, 2005) and her last insured date (September 30, 2008) (AR 12).

In *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), in which the court applied the concept of res judicata to ALJ's decisions, holding that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id.* at 842. The court rejected the Commissioner's contention "that the Social Security Administration has unfettered discretion to reexamine issues previously determined absent new and additional evidence." *Id.* The court explained:

9

> To allow the Commissioner such freedom would contravene the reasoning behind 42 U.S.C. § 405(h) which requires finality in the decisions of social security claimants. Just as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner.

*Id.*

The ALJ acknowledged that the 2005 decision was res judicata as to plaintiff's condition as it existed on July 26, 2005. In addressing plaintiff's condition since that date, the ALJ omitted a limitation from the earlier RFC of "no more than frequent handling and fingering" because "the record of medical treatment since July 2005 no longer supports such a limitation" (AR 17). The ALJ continued:

> The only other changes to the residual functional capacity are stylistic rather than substantive in nature. The undersigned also considered the possibility of a more restrictive residual functional capacity than the July 2005 decision; however, the medical and other evidence does not support such a conclusion.

(AR 17).

Plaintiff contends that the RFC should have been more restrictive, because since July 2005 she has a newly discovered conditions of diabetes, disc herniation and diabetic neuropathy. Plaintiff's Brief at p. 5. In addition, plaintiff has worsened conditions as follows: tenderness "at all 18 tender points" from fibromyalgia; increased osteoarthritic complaints; increased low back and leg pain; and an MRI from March 9, 2008 which shows an L2-L3 disc herniation and extruded disc fragment. *Id.* Plaintiff points to a letter from Travis D. Piper, D.P.M., who stated that as of October 29, 2007, plaintiff had profound peripheral neuropathy of both feet (AR 386). Plaintiff was unaware of this condition and the doctor educated her about the risks associated with the condition (AR 386). In addition, plaintiff points out that the diagnostic studies of her back buttress her testimony regarding low back pain. Plaintiff's Reply Brief at pp. 2-3. .

Assuming that plaintiff has newly discovered or worsening impairments, she has failed to present medical evidence demonstrating that these impairments warrant a more restrictive RFC determination. "[T]he mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual." *McKenzie v. Commissioner of Social Security*, No. 99-3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000), citing *Foster v. Bowen*, 853 F.2d 488, 489 (6th Cir. 1988). *See, e.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("[t]he mere diagnosis of arthritis, of course, says nothing about the severity of the condition"). Accordingly, plaintiff has failed to demonstrate any error in the ALJ's application of res judicata.

### IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.

Dated: May 31, 2011 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).